UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN JAMES KACZOROWSKI,

       Petitioner,

                                                      CASE NO. 2:07-CV-11290
v.                                 JUDGE ROBERT H. CLELAND
                                                      MAGISTRATE JUDGE PAUL J. KOMIVES

MILLICENT WARREN,

       Respondent.
                                      /

**REPORT AND RECOMMENDATION**

I.     RECOMMENDATION: The Court should grant petitioner's application for the writ of habeas corpus. Specifically, the Court should grant a conditional writ requiring the State to release petitioner unless, within 120 days, it either (a) resentences him in a new sentencing proceeding or (b) reimposes the original sentence.

II.    REPORT:

A.    *Procedural History*

Petitioner Allen James Kaczorowski is a state prisoner, currently confined at the Thumb Correctional Facility in Lapeer, Michigan. Petitioner was convicted in the Genesee County Circuit Court of one count of second degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c (CSC); one count of third degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d; and two counts of child sexually abusive activity, MICH. COMP. LAWS § 750.145 (CSAA), pursuant to his plea of *nolo contendere*. The trial court departed upward from the sentencing guidelines and sentenced petitioner to two concurrent terms of 10-15 years' imprisonment on the CSC convictions, and to two concurrent terms of 12-20 years' imprisonment on the CSAA convictions.

Petitioner, through counsel, filed an application for leave to appeal his sentence in the Michigan Court of Appeals, raising three claims relating to his sentence. The court of appeals, in lieu of granting leave to appeal, vacated petitioner's sentence and remanded the matter to the trial court for resentencing in light of *People v. Hegwood*, 465 Mich. 432, 440, 636 N.W.2d 127, 132 (2001) (requiring a court to state on the record substantial and compelling reasons justifying an upward departure from the sentencing guidelines). *See People v. Kaczorowski*, No. 239800 (Mich. Ct. App. May 9, 2002). The prosecutor sought leave to appeal this decision to the Michigan Supreme Court. In lieu of granting leave to appeal, the supreme court vacated the court of appeals's decision and remanded the case for reconsideration in light of *People v. Babcock*, 469 Mich. 247, 666 N.W.2d 231 (2003) (establishing further guidance on substantial and compelling reasons justifying an upward departure). *See People v. Kaczorowski*, 469 Mich. 917, 673 N.W.2d 104 (2003).

Petitioner's case was returned to the trial court for resentencing. At the resentencing, the court imposed the same sentence on the CSC convictions. However, on the CSAA convictions, the court imposed a minimum term of 160 months' imprisonment (13 years, 4 months), 16 months greater than the minimum term of 12 years' imprisonment that had been imposed at the original sentencing. The maximum term of imprisonment remained at 20 years, as set by statute. Following his resentencing petitioner, through counsel, sought leave to appeal in the Michigan Court of Appeals, raising a single claim:

> THE TRIAL COURT ABUSED ITS DISCRETION IN INCREASING THE MINIMUM SENTENCE FOR ALLEN KACZOROWSKI'S CHILD SEXUALLY ABUSIVE ACTIVITY CONVICTIONS FOLLOWING REMAND FOR RESENTENCING AND THE COURT CANNOT OVERCOME THE PRESUMPTION THAT THE INCREASE WAS A RESULT OF VINDICTIVENESS.

The Michigan Court of Appeals denied petitioner's application for leave to appeal "for lack of merit in the grounds [sic] presented." *People v. Kaczorowski*, No. 260428 (Mich. Ct. App. Apr. 6, 2005). Petitioner, again through counsel, sought leave to appeal in the Michigan Supreme Court. The supreme court denied leave to appeal in a standard order. *See People v. Kaczorowski*, 474 Mich. 1085, 711 N.W.2d 336 (2006).

On March 26, 2007, petitioner filed the instant application for the writ of habeas corpus. As grounds for the writ, petitioner raises the single claim that he raised in the state appellate courts following his resentencing. Respondent filed an answer to the petition on October 5, 2007. She argues that petitioner's claim is without merit. For the reasons that follow, the Court should grant the writ.

B.  *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its

decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.  *Analysis*

Petitioner contends that he was denied his right to due process of law when the trial court imposed a harsher sentence following his successful appeal of his initial sentence. The Court should agree, and conclude that the trial court's sentence and the appellate courts' rejection of petitioner's claim were unreasonable applications of clearly established federal law.

1.  *Clearly Established Law*

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), the Court held that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id*. at 725. In order to ensure that

5

vindictiveness plays no part in a new sentence after a successful appeal, the Court went on to hold that

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id*. at 726. As the Supreme Court has subsequently explained, this rule "applie[s] a presumption of vindictiveness which may be overcome only by objective information in the record justifying the increased sentence." *United States v. Goodwin*, 457 U.S. 368, 374 (1982). The Due Process Clause does not prohibit a harsher sentence following appellate reversal, but it does require that the sentencing judge provide "an on-the-record, wholly logical, nonvindictive reason for the [increased] sentence." *Texas v. McCullough*, 475 U.S. 134, 140 (1986).

In short, "[a]ny increase in a resentence above the original sentence imposed is presumptively vindictive and requires an affirmative explanation by the resentencing judge, based on specific conduct or events that have taken place since the original sentence." *United States v. Rodgers*, 278 F.3d 599, 603 (6th Cir. 2002). Where the *Pearce* presumption does not apply, however, a defendant may obtain relief only by presenting affirmative evidence of actual vindictiveness on the part of the sentencing judge. *See Wasman v. United States*, 468 U.S. 559, 569 (1984).

2. *Analysis*

Respondent argues that petitioner's resentence was not harsher than his original sentence, and that the *Pearce* presumption is therefore inapplicable. Respondent notes that only petitioner's

6

minimum sentence changed, and that his maximum sentence remained the same. She also notes that the minimum term affects only petitioner's parole eligibility, and argues that because there is no constitutional or statutory right to parole, "[p]etitioner's sentence, as determined by the statute, did not change." Respondent's Answer, at 8. This argument is without merit.

It is true that petitioner's maximum sentence was not affected by the trial court's resentencing. However, his minimum term of imprisonment was increased by 16 months. While it is true that petitioner may end up serving the same amount of time under either sentence, his initial sentence had a benefit which his resentence did not: namely, parole consideration after 12 years of incarceration. However unlikely the possibility of parole or marginal this benefit, it is a benefit compared with his resentence, under which he is not eligible for parole until he has served over 13 years of his sentence. Respondent cites no authority for the proposition that this increase in the minimum term of imprisonment does not constitute a harsher sentence for purposes of *Pearce*. On the contrary, every court that has considered the issue has concluded that an increase in the minimum term of imprisonment or parole eligibility constitutes a harsher sentence for purposes of *Pearce*, regardless of there being no change in the maximum term of imprisonment. *See Nulph v. Cook*, 333 F.3d 1052, 1054-55, 1058 (9th Cir. 2003); *Bono v. Benov*, 197 F.3d 409, 416 (9th Cir. 1999); *United States v. Steele*, 988 F.2d 998, 999 (9th Cir. 1993); *United States v. Bello*, 767 F.2d 1065, 1068 (4th Cir. 1985); *United States v. Gillis*, 645 F.2d 1269, 1283-84 (8th Cir. 1981) (citing cases); *Davis v. Cain*, 44 F. Supp. 2d 792, 797 (E.D. La. 1999); *Hammond v. District of Columbia Bd. of Parole*, 756 A.2d 896, 898-99 (D.C. 2000); *People v. Swan*, 557 N.Y.S.2d 791, 794 (1990).[1]

---

[1] In some of these cases, the court concluded that the *Pearce* presumption was not applicable for some other reason, or that the presumption was overcome by the state. Each case, however, recognized that the sentence it was considering was harsher than the original sentence.

Thus, the *Pearce* presumption is clearly applicable here, and the only question is whether that presumption has been overcome by the sentencing judge. The Court should conclude that the presumption was not overcome. At resentencing, the trial judge did identify the reasons why she was exceeding the guidelines. However, those reasons were unchanged from the original sentencing, and she did not explain why she was increasing the sentence over the sentence which originally had been imposed. As the trial judge tried to figure out whether the highest minimum sentence under *People v. Tanner*[2] was 160 months or 180 months, counsel for petitioner twice indicated his objection to any increase over the previously imposed minimum term. The trial court declined to address this issue at all, providing no justification for the increase in sentence. *See* Resentence Tr., at 15-16. And the trial judge's own words explaining her reasons for the sentence indicate that she was relying on the same information which she had previously relied upon in imposing the original sentence. *See id*. at 13-14.

While it is true that the victim's family had submitted a letter to the court that apparently had not been considered before, beyond noting the existence of this letter the judge did not purport to rely upon it in any way in imposing sentence. Further, even if the court did base its decision on the family's letter, "[s]uch a subjective determination is not a substitute for objective reasons sufficient to reverse the legal presumption of vindictiveness and justify the harsher sentence." *United States v. Resendez-Mendez*, 251 F.3d 514, 518 (5th Cir. 2001). The judge's increase in the sentence is not accompanied by "an affirmative explanation . . . based on specific conduct or events that [occurred] since the original sentence," *Rodgers*, 278 F.3d at 603, as required by *Pearce* and its progeny. As

---

[2]*See* 387 Mich. 683, 199 N.W.2d 202 (1972) (holding that the minimum sentence may not exceed two-thirds of the maximum sentence, although it may be lower).

in *Pearce*, here "the fact remains that neither at the time the increased sentence was imposed upon [petitioner], nor at any stage in this habeas corpus proceeding, has the State offered any reason or justification for that sentence beyond the naked power to impose it." *Pearce*, 395 U.S. at 736. In light of the utter lack of an explanation for the court's harsher sentence and the clear requirement for such an explanation in the Supreme Court precedent, the trial court's resentence of petitioner (and the appellate courts' subsequent failure to correct it) represents an unreasonable application of clearly established federal law, and petitioner is therefore entitled to habeas relief.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision involving an unreasonable application of clearly established federal law. Accordingly, the Court should grant petitioner's application for the writ of habeas corpus. Specifically, the Court should grant a conditional writ requiring the State to release petitioner unless, within 120 days, it either (a) resentences him in a new sentencing proceeding or (b) reimposes the original sentence.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

9

*Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

     s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: November 28, 2007

I hereby certify that a copy of the foregoing document was mailed to petitioner and counsel of record on this date, November 28, 2007, by electronic and/or ordinary mail.

     s/Diane Opalewski  
Deputy Clerk