UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN JAMES KACZOROWSKI,

    Plaintiff,

v.                                                                             Case No. 07-CV-11290

MILLICENT WARREN,

    Defendant.
                                                             /

**OPINION AND ORDER DENYING OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND CONDITIONALLY GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS**

On November 28, 2007, Magistrate Judge Paul J. Komives issued a "Report and Recommendation" ("R&R") in the above-captioned matter, recommending that the court grant Petitioner Allen James Kaczorowski's petition for writ of habeas corpus. Both parties filed timely objections to the Magistrate Judge's report and recommendation. For the reasons stated below, the court will deny both parties' objections, adopt the report and recommendation and grant the petition for habeas corpus.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be

accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."); *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 509).

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the

district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The court adopts the Magistrate Judge's recitation of the standard for habeas review under 28 U.S.C. § 2254, which was correctly set forth in the R&R. (*See* R&R at 3-5.)

## II.  DISCUSSION

### A.  Respondent's Objections

#### 1.  Objection # 1

On December 12, 2007, Respondent filed four objections to the Magistrate Judge's R&R. First, Respondent objected to the Magistrate Judge's reliance on *North Carolina v. Pearce*, 395 U.S. 711 (1969). (Resp.'s Obj. at 1.) In *Pearce*, the Supreme Court held that due process requires that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725. Respondent argues that *Pearce* is not implicated because Petitioner's direct appeal was not successful; rather, it was the prosecutor's successful appeal that led to a remand and the resentencing. (*Id.* at 1-2.) The court is not persuaded by Respondent's argument. Following his sentencing, Petitioner filed an application for leave to appeal his sentence. One of the three grounds he raised was

3

that "there were no substantial and compelling reasons to justify upward departures from the sentencing guidelines." (2/22/02 Application at 7.) In lieu of granting the application, the Michigan Court of Appeals vacated Petitioner's sentence and remanded for resentencing in light of *People v. Hegwood*, 636 N.W.2d 127, 132 (Mich. 2001), which described the circumstances where upward departures are appropriate. *People v. Kaczorowski*, No. 239800 (Mich. Ct. App. May 9, 2000) (slip op.). The State appealed the decision and the Michigan Supreme Court vacated the Michigan Court of Appeals' order and remanded for further consideration in light of *People v. Babcock*, 666 N.W.2d 231 (2003). In *Babcock,* the Michigan Supreme Court clarified the "substantial and compelling reasons" which could justify a sentencing court departing from the sentencing guidelines. *Id.* Contrary to Respondent's argument, Petitioner's appeal questioning the trial court's justification for upward departure was essentially successful, as he received a resentencing under *Babcock.* Respondent's first objection is therefore rejected.

### 2. Objection # 2

In Respondent's second objection, she challenges the Magistrate Judge's conclusion that "any increase in a resentence above the original sentence imposed is presumptively vindictive." (Resp.'s Obj. at 2; R&R at 6.) Respondent argues that subsequent cases have limited *Pearce's* presumption to cases where there is a "reasonable likelihood that the increase in sentence is the product of *actual* vindictiveness on the part of the sentencing authority." (Resp. Obj. at 2 (quoting *United States v. Duso*, 42 F.3d 365 (6th Cir. 1994).)

In *Pearce*, the Supreme Court mandated that

4

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 726. It is true, as Respondent suggests, that subsequent case law has limited what at first may have appeared to be "a rule of sweeping dimension" to cases where there is a "reasonable likelihood . . . that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (internal citations and quotations omitted). "When there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.* Respondent asserts that because Petitioner has not shown actual vindictiveness or that there is a reasonable likelihood that actual vindictiveness played a part of the resentencing.

Respondent's argument, however, does not accurately reflect the holding of *Alabama v. Smith*. In *Smith,* the Court gave examples of cases in which there was not a reasonable likelihood that the resentencing was the product of actual vindictiveness. These examples included a case where the resentencing was performed by a different court[1] or by a different jury.[2] *Id.* at 800. The Court also went on to hold that the *Pearce* presumption is not implicated where a guilty plea is set aside and the court considers additional information that was brought to light in a subsequent trial and was not

---

[1]*Colten v. Kentucky*, 407 U.S. 104 (1972)

[2]*Chaffin v. Stynchcombe*, 412 U.S. 17 (1973).

5

available to it at the prior sentencing. *Id.* at 801. *Smith* distinguished those situations from cases like the one before the court, where the same sentencing court considers roughly the same information on resentencing yet imposes a higher sentence. *Id.* at 802. It is precisely in the fact scenario present in this case in which a resentencing court must be most careful to explain its reasons for imposing the higher sentence so that the *Pearce* presumption of vindictiveness is not implicated and the "constitutional legitimacy of the increased sentence may be fully reviewed." *Pearce,* 395 U.S. at 726. Respondent's second objection is rejected.

### 3. Objection # 3

In Respondent's third objection, she objects to the Magistrate Judge's statement that there was an "utter lack of explanation for the [state c]ourt's harsher sentence." (R&R at 9.) Respondent argues that the state court increased the sentence based on a letter from the victim's mother, which it did not previously consider when imposing the original sentence. (Resp.'s Obj. at 3.) As discussed above, the Magistrate Judge correctly concluded the *Pearce* presumption applies in this case. Contrary to Respondent's argument in her third objection, the Magistrate Judge also correctly concluded that Respondent has failed to overcome this presumption.

The resentencing transcript, in fact, reveals no discernable explanation for the increase in Petitioner's sentence. On remand from the Michigan Supreme Court, the trial court carefully explained its reasons for departing upwards from the state sentencing guidelines. (10/05/07 Tr. at 11-13.) The court resentenced Petitioner to the same sentence on his two criminal sexual conduct convictions of 120 to 180 months imprisonment, (*id.* at 12), but imposed a higher minimum sentence on his child sexually

abusive activity ("CSAA") convictions, (*id.* at 13). Previously, the court had imposed a minimum sentence of 120 months, but during the resentencing hearing, the court increased that minimum to 160 months. With respect to the increase on Petitioner's CSAA convictions, the court stated, "Contrary to 750.145(C), the Court believes the departure to 120 - - I'm sorry - - 180 months on the minimum in this case for 240 months is the maximum is entirely appropriate." (*Id.* at 13.) When defense counsel asked, "Did you mean 120 months, Judge? You said 180," the court again stated "No, I mean 180." (*Id.* at 14.) The state court explained: "*People v. Tanner.*[3] I believe that's appropriate. One eighty under *Tanner*--two thirds--unless I've done my math wrong. . . ." (*Id.* at 14.) Defense counsel stated: "No. I'm--I'm looking at [the] sentences you previously gave him. That's--I think that's well in excess of your previous sentence." (*Id.* at 15.) The court responded to this objection simply by stating, "That's my sentence." (*Id.*) While the court did correct its math and alter the 180 months to 160 months (which is actually two-thirds of 240), it did not offer any further comment or explanation for the increased minimum. Indeed, defense counsel insisted that they'd "certainly object to [an] increase in the sentence as a result of . . . the appeal." (*Id.* at 16.) The trial court acknowledged only, ""I hear you objecting," but did not state why the increase was appropriate or even directly rule on the objection. (*Id.*)

Although the state court, on remand, was careful to state its reasons for departing upward from the *guidelines*, it offered no explanation for departing upward from its *original* sentence. "It is clearly established that a court violates due process

---

[3] *People v. Tanner*, 199 N.W.2d 202 (Mich.1972). In *Tanner*, the court restricted minimum sentences, including departures, to two-thirds of the maximum sentence. *Id.*

7

when it acts vindictively and imposes a heavier sentence upon a reconvicted defendant for the purpose of punishing him for his having exercised his right to an appeal and succeeded in getting his original conviction set aside." *United States v. Rodgers*, 278 F.3d 599, 603-04 (6th Cir. 2002). Thus, "[i]f the sentencing judge fails to provide a clear explanation on the record for the change upon resentencing as required by *Pearce*, the fact of the increase gives rise to a rebuttable presumption of vindictiveness." *Id.* at 604. This presumption may be overcome only by "objective information in the record justifying the increased sentence." *United States v. Jackson*, 181 F.3d 740 (6th Cir. 1999) (quoting *United States v. Goodwin*, 457 U.S. 368, 374 (1982)). "Such information may come to the attention of a judge from a new presentence investigation or possibly from other sources." *Id.*

Respondent argues that this new information came in the from of a letter from the victim's mother, but there is no indication that the trial court actually relied on this letter to *increase* the sentence.[4] Rather, it is clear that the court imposed a sentence of 160 months because that was the "maximum minimum" allowed under *Tanner*. What is not clear is why the court did so upon resentencing when it did not do so at the original sentencing. Under these circumstances, the court must agree with the Magistrate Judge that *Pearce's* presumption of vindictiveness has not been overcome and the state appellate court's failure to recognize this was an unreasonable application of federal law.

---

[4]This conclusion is further buttressed by the fact that the court stated that it had received a new letter from the victim's mother that "*again* urged the [c]ourt to incarcerate the defendant to the extent possible under Michigan law." (10/05/07 Tr. at 11 (emphasis added).) Even the trial court itself viewed the letter as urging a punishment similar to what was previously urged.

8

### 4. Objection # 4

In objection number 4, Respondent attacks the Magistrate Judge's determination that Petitioner's sentence was, indeed, increased after remand. (Resp. Obj. at 3.) Respondent contends that increasing Petitioner's minimum sentence, as opposed to his maximum sentence, did not "increase" his sentence for purposes of *Pearce*'s presumption of vindictiveness. The Magistrate Judge correctly dealt with this issue, stating that "every court that has considered the issue has concluded that an increase in the minimum term of imprisonment or parole eligibility constitutes a harsher sentence for purposes of *Pearce*, regardless of there being no change in the maximum term of imprisonment." (R&R at 7, citing eight cases in support.) Respondent offers no authority to contradict the Magistrate Judge's conclusion, or the cases cited therein, and instead brushing aside the cases because they are nonbinding authority. (Resp.'s Obj. at 3.) Cases may, however, be both nonbinding and persuasive, and given the unanimity of opinion on the issue, the court accepts their reasoning and denies Respondent's objection.

### B. Petitioner's Objections

Petitioner filed objections to the R&R on December 10, 2007. His document contains four numbered paragraphs. The first paragraph, however, is not an objection but merely a statement of agreement with the Magistrate Judge's recommendation that his petition be granted. The second paragraph contains Petitioner's objection to his case being sent back to the original judge for resentencing, inasmuch as Petitioner contends that the judge has "already shown bias" in resentencing Petitioner. (Pet.'s Obj. at ¶ 2.) The court disagrees. Petitioner cites no authority for the proposition that

the court is required to order that the case be sent to a different judge on remand. As the Ninth Circuit has held "[t]he finding of vindictiveness does not, in itself, require us to remand to a different judge where there is no evidence of personal bias or a showing that the judge 'would not be able to put out of his mind his previously expressed views or that he would ignore the mandate of this court on remand.'" *United States v. Peyton*, 353 F.3d 1080, 1091 (9th Cir. 2003). The Sixth Circuit has likewise remanded a case to the same district court for resentencing, even after finding the presence of the *Pearce* presumption of vindictiveness. *See Jackson*, 181 F.3d 740. The court will not mandate that a different judge resentence Petitioner in this case. Although *Pearce*'s presumption applies, there is no particular evidence of bias or any specific reason to conclude that the state court would not execute its duties properly on remand. Petitioner's objection is therefore denied.

The court will also deny Petitioner's next objection, in which he contends that his case should not be remanded to the Michigan Court of Appeals or to the Michigan Supreme Court. (Pet.'s Obj. at ¶ 3.) If Petitioner is suggesting that his case should not be sent back to the state court system *at all*, there is no authority for such extraordinary relief. The appropriate remedy for a finding of vindictiveness is to remand for resentencing, *see Jackson*, 181 F.3d at 746, and this the court will do.

Finally, Petitioner objects to the Magistrate Judge's statement that Respondent filed an answer on October 5, 2007. (Pet.'s Obj. at ¶ 4.) Petitioner complains that he never received an answer from Respondent and that, even if Respondent did file an answer, it was late. (*Id.*) The docket reflects that an answer was indeed filed on October 5, 2007, which was the court imposed deadline. (*See* Dkt. ## 4 & 10.)

Respondent also filed a proof of service on that date. (Dkt. # 10.) Moreover, this issue does not affect the outcome of the case. Petitioner's objection is denied.

The court's independent review of the magistrate judge's report and recommendation reveals a thorough understanding of the relevant facts and applicable law. The court is persuaded that the magistrate judge's report is a complete analysis and recommends the correct result. The court will adopt the magistrate judge's report and recommendation as the determination of the court.

## III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 15] and Respondent's objections [Dkt. # 17] are DENIED and the Magistrate Judge's November 28, 2007 report and recommendation [Dkt. # 14] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus [Dkt. # 1] is CONDITIONALLY GRANTED. The state is required to release Petitioner unless, within 180 days, he is either (a) resentenced in a new sentencing proceeding consistent with this Opinion and Order, or (b) resentenced to the originally-imposed sentence.

       s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2008, by electronic and/or ordinary mail.

       s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522