UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN JAMES KACZOROWSKI,

       Petitioner,

                                    CASE NO. 2:07-CV-11290
   v.                            JUDGE ROBERT H. CLELAND
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

MILLICENT WARREN,

       Respondent.
_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO ENFORCE/MODIFY CONDITIONAL WRIT OF HABEAS CORPUS (docket #20)

I.     RECOMMENDATION: The Court should deny petitioner's motion to enforce or modify the Court's conditional writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

Petitioner Allen James Kaczorowski is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. Petitioner was convicted in the Genesee County Circuit Court of one count of second degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c (CSC); one count of third degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d; and two counts of child sexually abusive activity, MICH. COMP. LAWS § 750.145 (CSAA), pursuant to his plea of *nolo contendere*. The trial court departed upward from the sentencing guidelines and sentenced petitioner to two concurrent terms of 10-15 years' imprisonment on the CSC convictions, and to two concurrent terms of 12-20 years' imprisonment on the CSAA convictions. Petitioner, through counsel, filed an application for leave to appeal his sentence in the Michigan Court of

Appeals, raising three claims relating to his sentence. The court of appeals, in lieu of granting leave to appeal, vacated petitioner's sentence and remanded the matter to the trial court for resentencing in light of *People v. Hegwood*, 465 Mich. 432, 440, 636 N.W.2d 127, 132 (2001) (requiring a court to state on the record substantial and compelling reasons justifying an upward departure from the sentencing guidelines). *See People v. Kaczorowski*, No. 239800 (Mich. Ct. App. May 9, 2002). The prosecutor sought leave to appeal this decision to the Michigan Supreme Court. In lieu of granting leave to appeal, the supreme court vacated the court of appeals's decision and remanded the case for reconsideration in light of *People v. Babcock*, 469 Mich. 247, 666 N.W.2d 231 (2003) (establishing further guidance on substantial and compelling reasons justifying an upward departure). *See People v. Kaczorowski*, 469 Mich. 917, 673 N.W.2d 104 (2003).

Petitioner's case was returned to the trial court for resentencing. At the resentencing, the court imposed the same sentence on the CSC convictions. However, on the CSAA convictions, the court imposed a minimum term of 160 months' imprisonment (13 years, 4 months), 16 months greater than the minimum term of 12 years' imprisonment that had been imposed at the original sentencing. The maximum term of imprisonment remained at 20 years, as set by statute. Following his resentencing petitioner, through counsel, sought leave to appeal in the Michigan Court of Appeals, raising a single claim:

> THE TRIAL COURT ABUSED ITS DISCRETION IN INCREASING THE MINIMUM SENTENCE FOR ALLEN KACZOROWSKI'S CHILD SEXUALLY ABUSIVE ACTIVITY CONVICTIONS FOLLOWING REMAND FOR RESENTENCING AND THE COURT CANNOT OVERCOME THE PRESUMPTION THAT THE INCREASE WAS A RESULT OF VINDICTIVENESS.

The Michigan Court of Appeals denied petitioner's application for leave to appeal "for lack of merit in the grounds [sic] presented." *People v. Kaczorowski*, No. 260428 (Mich. Ct. App. Apr. 6, 2005).

2

Petitioner, again through counsel, sought leave to appeal in the Michigan Supreme Court. The supreme court denied leave to appeal in a standard order. *See People v. Kaczorowski*, 474 Mich. 1085, 711 N.W.2d 336 (2006).

On March 26, 2007, petitioner filed an application for the writ of habeas corpus. On November 28, 2007, I filed a report recommending that the Court grant the writ. Specifically, I recommended that the Court conclude that the increased sentence imposed on petitioner following his appeal was presumptively prejudicial under *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), and that there was no evidence in the record to rebut this presumption. I therefore recommended that the Court conditionally grant the writ, and order petitioner released unless the state either resentenced him in a new proceeding or sentenced him to the original 12-20 years sentence first imposed following his conviction. On January 31, 2008, the Court accepted my recommendation, and granted a conditional writ. The Court explicitly ordered the State to release petitioner "unless, within 180 days, he is either (a) resentenced in a new sentencing proceeding consistent with this Opinion and Order, or (b) resentenced to the originally-imposed sentence." Opinion & Order, dated 1/31/08, at 11.

On April 4, 2008, the trial court issued an order of resentencing in which it sentenced petitioner "to the originally imposed sentence of 120 months to 240 months for child sexually abusive activity." Pet'r's Mot., Ex. A. This was in error, as the original sentence was for a minimum of 12 years (144 months), not 10 years (120 months).[1] On April 10, 2008, the Department of Corrections requested that the trial court reissue Judgments of Sentence for both the CSC and

---

[1]The trial court's orders and judgments sometimes express the sentences in years and sometimes in months. For clarity, I will use years only in this Report, unless a direct quotation requires the use of months.

CSAA convictions. On April 17, 2008, the trial court issued an amended order of resentencing, imposing sentences of 10-15 years' imprisonment on the CSC convictions and 12-20 years' imprisonment on the CSAA conviction. *See id.*, Ex. C. The following day, however, the trial court issued two Judgments of Sentence, imposing sentences of 12-20 years' imprisonment on both the CSC and CSAA convictions. *See id.*, Exs. D-E. This, too, was in error, as the sentence on the CSC convictions should have remained at 10-15 years' imprisonment. On April 24, 2008, petitioner sent a letter to the trial court objecting to the amended sentences, arguing that once the court imposed a 10-20 year sentence on April 4, 2008, it was without authority to alter the sentence. *See id.*, Ex. F. The trial court rejected petitioner's objection by letter dated May 2, 2008. However, the Court did issue a Second Amended Judgment of Sentence with respect to the CSC counts, imposing the proper 10-15 year term of imprisonment with respect to those counts. *See id.*, Exs. G-H.

On June 26, 2008, petitioner filed this motion to enforce or modify the conditional grant of habeas corpus. Petitioner contends that he is entitled to a new sentencing proceeding, before a different judge and with an updated presentence report, and that without such a new proceeding his constitutional rights continue to be violated. Respondent filed a response to the motion on July 3, 2008. Respondent argues that the trial court complied with the Court's order conditionally granting the writ, and that the bulk of petitioner's motion raises state law challenges to the validity of the original sentence which are not cognizable on habeas review. For the reasons that follow, the Court should deny petitioner's motion.

B.   *Analysis*

Much of petitioner's motion attacks the validity of the 12-20 year sentence imposed by the trial court. To the extent that petitioner claims that this original sentence was illegal, the claim is

4

without merit and does not provide a basis for modifying the writ. Petitioner's argument that the upward departure of his sentence above the sentencing guidelines raises a state law claim which is not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same). *See generally*, *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas courts have no authority to correct errors of state law). Likewise, petitioner contends that the originally imposed sentence was itself "vindictive." Under *Pearce*, however, a vindictive sentence is a legal term of art referring to a sentence which is increased as a result of a defendant's successful challenge to his conviction or sentence. It does not refer to a judge's desire to punish a defendant harshly for his crimes. *See United States v. Doran*, 882 F.2d 1511, 1518 (10th Cir. 1989) (engaging in the "task of distinguishing between the acceptable 'vindictive' desire to punish Doran for any criminal acts, and 'vindictiveness' which violates due process."); *United States v. Walker*, 514 F. Supp. 294, 311-12 (E.D. La. 1981) ("The 'vindictiveness' prohibited by the constitution is the imposition of punishment, as that term has historically been understood in the criminal law, against a defendant for the purpose of retaliating against him because he has exercised his legal rights rather than for the purpose of imposing a sanction upon him for the crimes he has committed.").

Thus, the question is not whether the originally imposed sentence complied with state law, but only whether the relief ordered by the Court was appropriate in light of the constitutional violation found by the Court to exist with respect to the vindictive sentence. Petitioner argues that "allow[ing] the judge to impose the 'originally imposed' sentence is not an appropriate option in this

5

case that effectively protects Petitioner's due process rights." Pet'r's Mot., at 8. This claim is without merit. Under 28 U.S.C. § 2243, federal courts are given authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also*, *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). A district court is given broad discretion to determine the type of relief that is appropriate given the facts and circumstances of the case. *See Hilton*, 481 U.S. at 775. In particular, a habeas court may delay a prisoner's release to afford the state an opportunity to correct the constitutional error in the proceeding. *See id*. As a number of courts have explained, the task of a federal court faced with a meritorious habeas petition is "to fashion relief designed to rectify the prejudice of the violation." *Simmons v. Beyer*, 44 F.3d 1160, 1171 (3d Cir. 1995) (internal quotation omitted).

Here, reimposition of the original sentence rectifies the constitutional violation. As explained in my prior Report and the Court's prior Order, the constitutional error in this case is the imposition of a harsher sentence on petitioner following his successful appeal. If there is no harsher sentence, then there is no constitutional violation. It follows, therefore, that reimposition of the originally imposed sentence fully remedies the constitutional violation, without the need for a completely new sentencing proceeding. In other words, the relief ordered by the Court fully "rectif[ies] the prejudice of the violation." *Simmons*, 44 F.3d at 1171. To the extent that petitioner claims he was entitled to resentencing before a different judge, the Court has already rejected this argument:

> Petitioner cites no authority for the proposition that the court is required to order that the case be sent to a different judge on remand. As the Ninth Circuit has held, "[t]he finding of vindictiveness does not, in itself, require us to remand to a different judge where there is no evidence of personal bias or a showing that the judge 'would not be able to put out of his mind his previously expressed views or that he would ignore the mandate of this court on remand.'" *United States v. Peyton*, 353 F.3d 1080, 1091

(9th Cir. 2003). The Sixth Circuit has likewise remanded a case to the same district court for resentencing, even after finding the presence of the *Pearce* presumption of vindictiveness. *See Jackson*, 181 F.3d 740. The court will not mandate that a different judge resentence Petitioner in this case.

Opinion & Order, dated 1/31/08, at 9-10.[2]

C. *Conclusion*

In short, the reimposition of the sentence originally imposed on petitioner following his conviction fully remedies the constitutional violation arising from the judge's imposition of a harsher sentence following petitioner's appeal. The relief awarded by the Court therefore was appropriate to the facts and circumstances of the case. *See Hilton*, 481 U.S. at 775. Petitioner's challenges to that original sentence raise only state law claims which may not be remedied in a habeas corpus action. Because reimposition of the original sentence fully remedied the constitutional violation, and because the trial court reimposed that original sentence in accordance with the Court's grant of the conditional writ, petitioner is entitled to no further relief. Accordingly, the Court should deny petitioner's motion to enforce or modify the conditional grant.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

---

[2]This conclusion is particularly appropriate here because the State did not seek a new sentencing proceeding, but merely reimposition of the original term of imprisonment. Thus, the trial judge was required to do nothing more than the purely ministerial act of issuing a new judgment of sentence reflecting the originally imposed term of imprisonment.

1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 7/15/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 15, 2008.
>
> s/Eddrey Butts  
> Case Manager